IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GOLDMAN JEWELZ, INC. DBA JEWELZ, *Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 5:24-cv-482 |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, *Defendant.* | § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I. PARTIES**

1. Plaintiff, Goldman Jewelz, Inc. dba Jewelz (hereinafter referred to as the "plaintiff" or "insured"), is a domestic corporation incorporated under the laws of the State of Texas.

2. Defendant, Allied Property and Casualty Insurance Company (hereinafter referred to as the "defendant" or "Allied"), is part of the Nationwide Group with its principal place of business in Des Moines, Iowa. Allied may be served with process by serving its registered agent: Corporation Service Company at 211 E. 7th Street, Ste. 620; Austin, Texas 78701.

**II. JURISDICTION**

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because plaintiff and defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

**III. VENUE**

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV. CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

## V. FACTS

6. Plaintiff is the owner of commercial property insurance policy number ACP BP017234275612, which was issued by Allied (hereinafter referred to as the "policy").

7. Plaintiff is the owner of a commercial jewelry store located in the Ingram Mall that is specifically located at 6301 NW Loop 410, Ste. S-6 in San Antonio, Texas 78238 (hereinafter referred to as the "property").

8. Defendant or its agent sold the policy insuring the property to plaintiff.

9. On or about February 13, 2022, plaintiff's property sustained severe damage resulting from pipe leaks in the store directly above plaintiff which caused severe water damage to plaintiff's store. Plaintiff submitted a claim to Allied against the policy for the severe damage to the property caused by the storm.

10. Plaintiff retained BNRB Construction to inspect the property. In March 2023, BNRB Construction estimated the damage to repair the store itself to be $66,082.51. Plaintiff additionally suffered additional damage to twenty-four (24) of its jewelry showcases, desks, computer equipment, and computer workstations. Plaintiff asked Allied to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy. Allied assigned claim number 413575GO.

11. On December 28, 2023, Allied's adjuster, Matthew Ogburn sent plaintiff a lettere questioning coverage and requesting additional items for the claim. Despite plaintiff providing information to Allied, Allied has continued delaying its investigation of the claim and to date, still has not issued any payment on the claim. Allied did not conduct a thorough inspection and did

has not made appropriate allowances for the damage. As a result of Allied's unreasonable investigation, the insured was wrongly denied the full cost to repair the damage to the property as well as its contents.

12. Allied failed to properly adjust the claim and further has partially extended coverage to the claim without an adequate investigation or explanation, even though the policy provided coverage for losses such as those suffered by the insured.

13. To date, Allied continues to deny additional payment for the damages to the property. As such, the insured's claim remains unpaid, and the insured still have not been able to properly repair the property. Consequently, plaintiff was forced to close its business temporarily.

## VI. COUNT 1 - BAD FAITH

14. Plaintiff is an insured under an insurance contract issued by Allied, which gave rise to a duty of good faith and fair dealing.

15. Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

16. Following its receipt of documentation from the insured evidencing the damage, Allied possessed all information necessary to enable it to make a fair coverage and payment determination on plaintiff's claim. In addition, Allied failed to provide coverage for all the covered damage, including the damage that plaintiff's inspector discovered during his inspection. Although Allied should have designed its claims investigation system in a manner that would ensure timely claim payments, reasonable property inspections, and thorough property inspections, Allied failed to honor its obligation to perform a reasonable investigation and issue timely payment to plaintiff.

17. Defendant's breach of duty proximately caused injury to plaintiff, which resulted in damages of the loss of policy benefits.

## VII. COUNT 2 - BREACH OF CONTRACT

18. In addition to other counts, Allied breached its contract with plaintiff.

19. Plaintiff and defendant executed a valid and enforceable insurance contract. The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiff's property caused by a covered peril, and that plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance policy.

20. Plaintiff fully performed its contractual obligations.

21. Allied breached the contract by refusing to pay the full amount of the cost to repair or replace the property. Allied failed and refused to pay the fair amount of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. Allied did this even though all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiff.

22. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

23. <u>Attorney Fees.</u> Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiff retained counsel, who presented plaintiff's claim to Allied. Allied did not tender the amount owed within 30 days of when the claim was presented.

## VIII. COUNT 3 – DECEPTIVE INSURANCE PRACTICES

24. Allied failed to explain to plaintiff the reasons for defendant's offer of an inadequate settlement. Defendant failed to offer plaintiff adequate compensation without adequate explanation of the basis in the policy for its decision to make less than full payment. Furthermore,

Allied did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle plaintiff's claim.

25. Allied failed to affirm or deny coverage of plaintiff's claim within a reasonable time. Specifically, plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Allied.

26. Allied refused to fully compensate plaintiff under the terms of the policy and further failed to conduct a reasonable investigation. Allied performed an outcome-oriented investigation of the plaintiff's claim which resulted in a biased, unfair, and inadequate evaluation of plaintiff's losses on the property.

27. Allied failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge plaintiff's claim, begin an investigation of plaintiff's claim, and request all information reasonably necessary to investigate plaintiffs's claim within the statutorily mandated time of receiving notice of plaintiff's claim.

28. Allied failed to accept or deny plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. In addition, Allied failed to communicate with plaintiff to ensure that plaintiff understood the coverage denials plaintiff received.

29. Defendant's acts or practices violated:

    a. Texas Insurance Code Chapter 541, subchapter B and Texas Business and Commerce Code Chapter 17 by:

        (1) Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A); TEX. BUS. & COM. CODE § 17.50(a)(4).

    (2)    Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim.  TEX. INS. CODE §541.060(a)(3); TEX. BUS. & COM. CODE § 17.50(a)(4).

    (3)    Not affirming or denying coverage within a reasonable time.  TEX. INS. CODE §541.060(a)(4)(A); TEX. BUS. & COM. CODE § 17.50(a)(4).

    (4)    Refusing to pay a claim without conducting a reasonable investigation.  TEX. INS. CODE §541.060(a)(7); TEX. BUS. & COM. CODE § 17.50(a)(4).

    b.    Texas Insurance Code Chapter 541.151.

    c.    Texas Business & Commerce Code § 17.50(a)(4).

30.    Defendant's acts and practices were a producing cause of injury to plaintiff which resulted in the following damages:

    a.    actual damages; and

    b.    insurance policy proceeds.

31.    Plaintiff seeks damages within the jurisdictional limits of this Court.

32.    <u>Additional damages.</u>  Defendant acted knowingly, which entitles plaintiffs to recover treble damages under Texas Insurance Code section 541.152(b).

33.    <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

## IX. COUNT 4 - LATE PAYMENT OF CLAIMS

34.    Plaintiff is an insured under a contract for homeowner's insurance issued by defendant.

35.    Defendant Allied is a corporation.

36. Plaintiff suffered a loss covered by the policy and gave proper notice to Allied of plaintiff's claim.

37. Allied is liable for the claim and had a duty to pay the claim in a timely manner.

38. Defendant breached its duty to pay plaintiff's claim in a timely manner by not timely:

    a. acknowledging the claim;

    b. investigating the claim;

    c. requesting information about the claim;

    d. paying the claim after wrongfully rejecting it; and

    e. paying the claim after accepting it.

39. Allied's breach of duty caused injury to plaintiff, which resulted in the following damages:

    a. policy proceeds;

    b. prejudgment interest

40. <u>Statutory damages.</u>  Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

41. <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## X. JURY DEMAND

42. Plaintiff respectfully requests for a trial by jury.

## XI. PRAYER

43. For these reasons, plaintiff asks that plaintiff be awarded a judgment against defendant for the following:

    a.    Actual damages.

    b.    Prejudgment and postjudgment interest.

    c.    Consequential damages.

    d.    Court costs.

    e.    Attorneys 'fees.

    f.    All other relief to which plaintiff is entitled.

Respectfully submitted,

THE JAVED LAW FIRM, PLLC
*/s/ Nohayia Javed*
Nohayia Javed
Texas Bar No. 24074482
1107 Babcock Road, Suite 4
Balcones Heights, Texas 78201
Tel: (832) 360-0476
Fax: (281) 605-5020
attorney@javedlawfirm.com
*Attorney for Plaintiff*